IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIONEL FRANKLIN and CARMEN FRANKLIN, | MOTION TO STRIKE |
| Plaintiffs, | Civil Action No. 07-cv-6435 |
| v. | **Judge Filip** |
| LAW ENFORCEMENT SYSTEMS d/b/a PARKING COLLECTION SERVICES, | **Magistrate Judge Schenkier** |
| Defendant. | |

**MOTION TO STRIKE**

Plaintiffs Lionel Franklin and Carmen Franklin move this Honorable Court to strike Docket # 10, a letter from Defendant Law Enforcement Systems d/b/a Parking Collection Services ("Defendant") to Plaintiffs' counsel improperly filed by Defendant, and Docket # 11, a *pro se* appearance by the Defendant corporation which, by its nature, cannot appear *pro se*. Plaintiffs state the following in support thereof:

1. Plaintiffs filed this action on November 13, 2007, alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* ("FDCPA"). Docket # 1.

2. The alleged debts that are the subject of Plaintiffs' Complaint were alleged to have been incurred for parking in private parking lots in December 2006 and May and June 2007, without paying the required daily rate.

3. Plaintiffs alleged several violations of the FDCPA, based on Defendant's attempts to collect principal amounts not due and added non-principal amounts added by Defendant that

were not authorized by contract or law, as well as Defendant's self-imposed requirements to dispute the alleged debts, which overshadowed and contradicted the validation notice required by the FDCPA. Moreover, Plaintiff Carmen Franklin had paid the daily parking rates; therefore, she has never owed any money to Defendant or the private parking lot creditor.

4. As its initial filing with this Court, Defendant improperly filed a letter dated November 26, 2007, from Dawn Carrier to Plaintiff's counsel Craig M. Shapiro ("the Letter"). Docket # 10. The Letter addresses some, though not all, of the FDCPA violations alleged in the Complaint. It did not address the fact that some of the principal amounts Defendant attempted to collect were not due, nor the fact that it imposed dispute requirements on Plaintiffs that exceed the scope mandated by the FDCPA. Substantively, the Letter claims that the additional amounts added by Defendant were authorized by signs allegedly posted near the payment area of the private parking lots. However, contrary to Defendant's assertion in the Letter, the signs that Defendant claims authorize the additional amounts were not posted at the time Plaintiffs allegedly incurred the debts.

5. The Letter purports to make a settlement offer to Plaintiffs in the form of releasing them from the alleged debts.

6. Nevertheless, Defendant's filing of the Letter was improper and the document should be stricken from the docket.

7. Additionally, on November 28, 2007, Defendant, a corporation, filed a *pro se* appearance. "It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel." Rowland v. California Men's Colony, 506 U.S. 194, 201-02; 113 S.Ct. 716, 721; 121 L.Ed.2d 656, 666 (1993). "We have held

that corporations must appear by counsel or not at all." Scandia Down Corp. v. Euroquilt, Inc., 772 F.2d 1423, 1427 (7th Cir. 1985). Therefore, Defendant's *pro se* Appearance should be stricken.

8.  This Court has the inherent authority to strike these improperly filed documents. "A court has inherent authority to strike matters which it deems improper." Martinez v. Sanders, 2004 U.S.Dist.LEXIS 10060, *9 (S.D.N.Y., June 3, 2004). See also Jenkins v. General Collection Co., 2007 U.S.Dist.LEXIS 64462, *9 (D.Neb., Aug. 28, 2007); Protect Lake Pleasant, LLC v. Johnson, 2007 U.S.Dist.LEXIS 37369, *9 fn1 (D.Ariz., May 21, 2007) (inherent authority to strike inappropriate matters); Cortner v. Herzog Services, Inc., 2007 U.S.Dist.LEXIS 28179, *8 (D.Mont., Apr. 17, 2007) (same); Hutchinson v. Burning Hills Steel Co., 559 F.Supp.553 (E.D.Wisc. 1983) (striking offer of settlement filed improperly).

WHEREFORE, Plaintiffs Lionel Franklin and Carmen Franklin respectfully request that this Court enter an Order striking Docket # 10 and 11, and for such other relief the Court may find to be just and proper.

Date:   December 7, 2007        s/ Craig M. Shapiro
                                Craig M. Shapiro
                                O. Randolph Bragg
                                HORWITZ, HORWITZ & ASSOCIATES, LTD..
                                25 East Washington Street Suite 900
                                Chicago, Illinois 60602
                                (312) 372-8822
                                (312) 372-1673  (Facsimile)

                                ATTORNEYS FOR PLAINTIFFS
                                LIONEL FRANKLIN and CARMEN FRANKLIN

## CERTIFICATE OF SERVICE

I, Craig M. Shapiro, hereby certify that on December 7, 2007, a copy of the foregoing document was sent by First Class U.S. Postal Mail to:

>Law Enforcement Systems, Inc.
>c/o Dawn Carrier
>30-00 47th Avenue 7th Floor
>Long Island City, New York 11101
>
>DEFENDANT

>_s/ Craig M. Shapiro_
>Craig M. Shapiro