# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Mark Filip | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6435 | **DATE** | 1/14/2008 |
| **CASE TITLE** | Lionel Franklin, et al. vs. Law Enforcement Systems, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion to strike (D.E. 12) is granted to the extent explained herein. Furthermore, the parties are directed to confer immediately and in good faith about whether this case can be settled, as explained further below.

*Mark Filip* [signature]

■ [ For further details see text below.]      Docketing to mail notices.

## STATEMENT

    Dawn Carrier, who is not an attorney, has attempted to appear in this case in a *pro se* capacity on behalf of Defendant Law Enforcement Systems, Inc. ("Defendant"), a corporation, and Ms. Carrier has filed a *pro se* appearance form to that effect. (D.E. 11.) On November 26, 2007, Ms. Carrier, on behalf of Defendant, sent a letter to Plaintiffs' counsel and filed that letter with this court. (*See* D.E. 10 at 1.) Though the letter was signed by Ms. Carrier, it was not signed by an attorney. (*Id*.) The letter implies that Defendant would like to settle this case. (*Id*.)

    Plaintiffs, though their counsel, have moved (D.E. 12) to strike the putative pro se appearance on behalf of the Defendant corporation, as well as the letter tendered by Ms. Carrier suggesting that she would like to settle this case. For the reasons stated below, the motion is granted to the extent explained herein. Further, Plaintiffs' counsel are directed to follow up and discuss in good faith with Ms. Carrier whether this case—which concerns a collection letter seeking repayment of an alleged $50 debt concerning parking fees—can sensibly and fairly be settled without further expenditure of attorney fees.

    The Seventh Circuit has repeatedly held that corporations must be represented by counsel and cannot appear *pro se*. *See Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985) (collecting federal appellate cases, including one from the Seventh Circuit, and stating that, "[w]e have held that corporations must appear by counsel or not at all."); *see also id.* ("A 'corporation' is an abstraction, and abstractions cannot appear pro se."). As one would expect, district courts have followed and enforced this teaching. *See, e.g., Central Mfg. Co. v. Pure Fishing, Inc.*, No. 05 C 725, 2005 WL 3090988, at *4 (N.D. Ill. Nov. 16, 2005) (striking an attorney appearance form because it was not signed by a corporation's lawyer, and entering default judgment against various corporations for failure to obtain counsel); *Burrell v. Chicago Housing Authority*, No. 03 C 8776, 2005 WL 2007155, at *2 (N.D. Ill. Aug. 22, 2005) (collecting Seventh Circuit precedent and stating that, "[a]lthough individuals may represent themselves pro se, corporations and

**STATEMENT**

organizations must be represented by a lawyer."); *Weintraub/Okun Music BJS v. Atlantic Fish & Chips, Inc.*, No. 90 C 4938, 1991 WL 34713, at *2 (N.D. Ill. Mar. 13, 1991) (Rovner, J.) (entering default judgment against a corporation because it failed to appear through counsel despite a court order that it do so).

Plaintiffs have filed a motion to strike both the attorney appearance form (D.E. 11) and the November 26, 2007 letter (D.E. 10). (*See* D.E. 12.) Defendant's response to that motion was due on January 4, 2008 (*see* D.E. 14), but Defendant did not respond to the motion. The Court therefore proceeds to analyze the issues presented. In this regard, the Court notes that the Defendant corporation simply cannot be represented *pro se* by a non-attorney. As a result, the putative pro se appearance entered on behalf of the Defendant corporation (D.E. 11) is stricken.

With respect to the letter, it is unclear what significance striking the document would have. A corporation that does not appear and answer as required through an attorney is vulnerable to being the subject of a default judgment. *See* Fed. R. Civ. P. 55(a)-(b); *see also Central Mfg. Co.*, 2005 WL 3090988, at *4. Furthermore, filing a letter from a non-attorney does not help the corporation's more fundamental problem of never having appeared in response to the suit; moreover, and independently, the letter of November 26, 2007 cannot be considered an "answer" or a responsive "motion" for purposes of Fed. R. Civ. P. 12(a), because the letter is not presented in a format that complies with Fed. R. Civ. P. 10 and does not comply with the requirement from Fed. R. Civ. P. 11(a) applicable to Defendant that the document be signed by an attorney on behalf of the corporation. *See* Fed. R. Civ. P. 11(a). Nonetheless, because the defect in Defendant's letter had not yet been brought to Defendant's attention, striking the November 26, 2007 letter (for whatever that is worth) is not appropriate at this stage. *See* Fed. R. Civ. P. 11(a) ("The court must strike an unsigned paper unless the omission is promptly corrected *after being called to the attorney's or party's attention*.") (emphasis added).

Defendant is ordered to file an appearance through counsel within 21 days of the date of this order. If Defendant does not do so, it is vulnerable to the entry of a default, and, upon appropriate motion, a default judgment. Once Defendant has appeared through counsel, it will be required to promptly answer or otherwise plead if the case does not settle before that time.

In addition, the parties are respectfully directed to immediately confer in good faith about whether this suit can be fairly and expeditiously settled without further expenditure of attorney fees. This entire dispute appears to center on whether a collection effort concerning an alleged $50 parking debt was lawful or not. This is the sort of suit where parties are often able to quickly find common ground. The parties are directed to make all good faith efforts to find common ground in advance of the 21-day deadline for Defendant to appear through counsel or be vulnerable to a default.

So ordered.