IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIONEL FRANKLIN and<br>CARMEN FRANKLIN, | INITIAL STATUS REPORT |
| Plaintiffs, | Civil Action No. 07-cv-6435 |
| v. | Judge Filip |
| LAW ENFORCEMENT SYSTEMS d/b/a<br>PARKING COLLECTION SERVICES, | Magistrate Judge Schenkier |
| Defendant. | |

### INITIAL STATUS REPORT

Pursuant to and in accordance with Judge Filip's Standing Order Requiring Initial Status Report for Cases Newly Filed on or After 3/3/2004 (http://www.ilnd.uscourts.gov/JUDGE/FILIP/newlyfilled.pdf), Plaintiffs Lionel Franklin and Carmen Franklin submit this Initial Status Report.

Defendant Law Enforcement Systems d/b/a Parking Collection Services has not yet filed an Appearance. Plaintiffs' counsel attempted to confer with Defendant's purported counsel; however, Defendant's counsel has not responded meaningfully to Plaintiffs' counsel's attempts.

**A.     The attorneys of record for each party, including the attorney(s) expected to try the case.**

Plaintiffs are represented by Craig M. Shapiro and O. Randolph Bragg of Horwitz, Horwitz & Associates, 25 E Washington St Ste 900, Chicago, Illinios. Docket # 3 and 4. Mssrs. Shapiro and Bragg are expected to try the case.

There is no attorney of record for Defendant.

**B.     The basis of federal jurisdiction.**

This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

**C.     The nature of the claims asserted in the complaint and any expected counterclaim.**

Plaintiffs allege that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), by, *inter alia*:

(1)     using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. §§ 1692e and e(10);

(2)     creating a false sense of urgency in violation of 15 U.S.C. § 1692e;

(3)     falsely representing the character, amount, or legal status of any debt in violation of 15 U.S.C. § 1692e(2)(A);

(4)     using unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f;

(5)     collecting any amount (including interest, fee, charge, or expense incidental to the principal obligation) where such amount is not expressly authorized by the agreement creating the debt and not permitted by law in violation of 15 U.S.C. § 1692f(1); and

(6)     contradicting and/or overshadowing the right to dispute the alleged debt within thirty (30) days of the receipt of the validation notice in violation 15 U.S.C. § 1692g(a).

Plaintiff does not expect a counterclaim to be filed.

**D.     The name of any party who or which has not been served, and any fact or circumstance related to non-service of process on such party.**

The sole defendant has been served. Docket # 9.

**E.     The principal legal issues.**

The principal legal issues are:

(1)     whether Defendant violated the FDCPA as described above in Paragraph C; and
(2)     whether, if Defendant is found to have had signs posted advising of additional charges for non-payment and collection efforts at the time

Plaintiffs incurred the alleged debts, such signs created a binding agreement between Plaintiffs and the creditor that permitted such charges.

**F.      The principal factual issues.**

The principal factual issues are:

(1) whether Plaintiffs paid the daily parking charges that resulted in the collection attempts by Defendant; and
(2) whether, at the time Plaintiff allegedly did not pay the daily parking charges, Defendant had signs posted advising of additional charges for non-payment and collection efforts.

**G.      Whether a jury trial has been or is expected to be demanded by any party.**

Plaintiffs have demanded trial by jury.

**H.      A brief description of any discovery that has been taken and of the discovery anticipated to be required.**

No discovery has been taken.

Discovery anticipated to be required includes:

- Initial Disclosures pursuant to FRCP 26(a)(1);
- Allegations in Plaintiffs' Complaint;
- Communications between Defendant and Plaintiffs;
- Communications between Defendant and the creditor;
- Relationship between Defendant and the creditor;
- The existence or non-existence of signs advising of additional charges in the subject parking lots including, but not limited to, the alleged purchase and installation of said signs
- Defendant's frequency of use of the form letter represented by <u>Exhibits A and B</u> (attached to the Complaint)
- Defendants' maintenance of procedures reasonably adapted to avoid violation of the FDCPA;
- Damages; and
- Defendants' Affirmative Defenses, if any.

I. **The earliest date the parties would be ready for trial and an estimate of the probable length of the trial.**

Plaintiffs anticipate that, depending on the facts discovered during discovery, cross-dispositive motions may be appropriate. This case alleges, *inter alia*, several violations of a form collection letter. Should such motions not dispose of this case, Plaintiffs anticipate being ready for trial 60 days after this Court's ruling on such motions. Plaintiffs estimate the trial will last 2-5 days.

J. **Whether the parties consent unanimously to proceed before a Magistrate Judge.**

Defendant's counsel has not informed Plaintiff's counsel regarding this issue. Therefore, at this time the parties do not consent unanimously to proceed before a Magistrate Judge.

K. **The status of any settlement discussions.**

The parties have engaged in settlement discussions since this Court's January 14, 2008, Order. Docket # 16. Currently, Plaintiff has made a second settlement demand, which expires February 8, 2008.

L. **Whether the parties request a settlement conference.**

Defendant's counsel has not informed Plaintiff's counsel regarding this issue. However, Plaintiffs remain open to a settlement conference at any time.

Respectfully submitted this 1st day of February, 2008.

      s/ Craig M. Shapiro
Craig M. Shapiro
O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Street Suite 900
Chicago, Illinois 60602
(312) 372-8822
(312) 372-1673  (Facsimile)

ATTORNEYS FOR PLAINTIFFS