(Revised 02/01/01)

# United States District Court   Northern District of Illinois
## APPLICATION FOR LEAVE TO APPEAR PRO HAC VICE

| Case Title: | Lionel Franklin, et al. | Plantiff(s) |
|---|---|---|
| | VS. | |
| | Law Enforcement Systems | Defendant(s) |

| Case Number: 1:07-cv-06435 | Judge: Sidney I. Schenkier |
|---|---|

I, Max Folkenflik, hereby apply to the Court under Local Rule 83.14 for permission to appear and participate in the above-entitled action on behalf of

Law Enforcement Systems by whom I have been retained.

I am a member in good standing and eligible to practice before the following courts:

| Title of Court | Date Admitted |
|---|---|
| NY Bar (Appellate Div., 1st Dept) (3/76) | |
| U.S. Court of Appeals (1st Circuit [12/05], 2nd Circuit [12/84], 3rd Circuit [12/96]) | |
| U.S. Supreme Court (2/07) | |
| U.S. District Court (SDNY, EDNY 7/76); U.S. Tax Court (12/78) | |

I have currently, or within the year preceding the date of this application, made pro hac vice applications to this Court in the following actions:

| Case Number | Case Title | Date of Application (Granted or Denied)* |
|---|---|---|
| | | |
| | RECEIVED | |
| | FEB 1 5 2008 | |
| | MICHAEL W. DOBBINS CLERK, U. S. DISTRICT COURT | |

*If denied, please explain:
(Attach additional form if necessary)

Pursuant to Local Rule 83.15(a), applicants who do not have an office within the Northern District of Illinois must designate, at the time of filing their initial notice or pleading, a member of the bar of this Court having an office within this District upon who service of papers may be made.

Has the applicant designated local counsel?   Yes ☐   No ☑

If you have not designated local counsel, Local Rule 83.15(b) provides that the designation must be made within thirty (30) days.

Has the applicant ever been:

| | | |
|---|---|---|
| censured, suspended, disbarred, or otherwise disciplined by any court? | Yes ☐ | No ☐ Please see attached |
| or is the applicant currently the subject of an investigation of the applicant's professional conduct? | Yes ☐ | No ☑ |
| transferred to inactive status, voluntarily withdrawn, or resigned from the bar of any court? | Yes ☐ | No ☑ |
| denied admission to the bar of any court? | Yes ☐ | No ☑ |
| held in contempt of court? | Yes ☐ | No ☑ |

NOTE: If the answer to *any* of the above questions is yes, please attach a brief description of the incident(s) and the applicant's current status before any court, or any agency thereof, where disciplinary sanctions were imposed, or where an investigation or investigations of the applicant's conduct may have been instituted.

I have read the Rules of Professional Conduct for the Northern District of Illinois, effective November 12, 1991 (Local Rules 83.50 through 83.58), and the Standards for Professional Conduct within the Seventh Federal Judicial Circuit, effective December 15, 1992, and will faithfully adhere to them. I declare under penalty of perjury that the foregoing is true and correct.

2/1/08
Date

Signature of Applicant

| Applicant's Name | Last Name<br>Folkenflik | First Name<br>Max | Middle Name/Initial |
|---|---|---|---|
| Applicant's Law Firm | | | |
| Applicant's Address | Street Address (include suite or room number)<br>1500 Broadway, 21st Floor | | State Bar Number<br>2915 |
| | City<br>New York | State<br>New York | ZIP Code<br>10036 | Work Phone Number<br>212-757-0400 |

(The pro hac vice admission fee is $100.00 for cases filed before February 1, 2001, and $50.00 for cases filed on or after that date, and shall be paid to the Clerk. No admission under Rule 83.14 is effective until such time as the fee has been paid.)

NOTE: Attorneys seeking to appear pro hac vice may wish to consider filing a petition for admission to the general bar of this Court. The fee for admission to the General Bar is $150.00 The fee for pro hac vice admission is $100.00 for cases filed before February 1, 2001, and $50.00 for cases filed on or after that date. Admission to the general bar permits an attorney to practice before this Court. Pro hac vice admission entitles an attorney to appear in a particular case only. Application for such admission must be made in each case; and the admission fee must be paid in each case.

(Fee Stamp)
PAID
RECEIPT # 10727093
FEB 15 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

ORDER

IT IS ORDERED that the applicant herein may appear in the above-entitled case.

DATED: 02/20/08

United States District Judge
MAGISTRATE

- In approximately March of 1983, during my first week at a new firm, I was thrown into a number of hotly-contested matters, including one involving a dispute among the Trustees and the officers of a New York charity. The President, whom my firm represented, was investigating misuse of charity funds in an unlawful tax evasion scheme (cash would be donated and a deduction taken, but a portion of the cash would be "kicked back" to the donor from the charity). Certain Trustees were attempting to interfere with the President's investigation, and at his request, I wrote a letter to the numerous Trustees on the Board advising them of the impropriety of interference and potential for liability. At the same time, my firm was defending a lawsuit involving disputed election results for the officers of the charity.

Inadvertently, my letter to the Trustees was also sent to two Trustees who were plaintiffs in the election-related lawsuit. My adversary complained to the Disciplinary Committee, and I was sent a Letter of Admonition. The letter was the only action taken. That letter is considered discipline.